**DYKEMA GOSSETT LLP**
Michael P. Wippler (SBN: 155646)
*mwippler@dykema.com*
Gregory K. Jones (SBN: 181072)
*gjones@dykema.com*
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
TSAI LUAN HO, an individual

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>Debtor and<br>Debtor in Possession.<br><br>─────────────────────────<br><br>OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION,<br><br>Plaintiff<br><br>vs.<br><br>TSAI LUAN HO, an individual, and BENJAMIN KIRK, an individual<br><br>Defendants. | Case No. 2:16-bk-13575-ER<br><br>Chapter 11<br><br><br>Adv. No.: 2:16-ap-01374-ER<br><br><br><br>**SECOND AMENDED ANSWER OF TSAI LUAN HO TO COMPLAINT FOR BREACH OF FIDUCIARY DUTY; CONVERSION; AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; MONEY HAD AND RECEIVED; UNJUST ENRICHMENT; AND ACCOUNTING** |

Tsai Luan Ho ("Ho" or "Defendant"), by counsel, and for her Answer to the *Complaint for Breach of Fiduciary Duty; Conversion; Avoidance and Recovery of Fraudulent Transfers; Money Had and Received; Unjust Enrichment; and Accounting* (the "Complaint") filed by the Official Unsecured Creditors Committee for Liberty Asset Management Corporation ("Plaintiff"), admits, denies and avers as follows:

## ADMISSIONS AND DENIALS OF AVERMENTS IN THE COMPLAINT

### I.

### JURISDICTION AND VENUE

1. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 1 because said paragraph consists of legal conclusions, and on that basis, denies the allegations contained therein.

2. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 2 because said paragraph consists of legal conclusions, and on that basis, denies the allegations contained therein.

3. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 3 because said paragraph consists of legal conclusions, and on that basis, denies the allegations contained therein.

### II.

### THE PARTIES

4. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 4, and on that basis, denies the allegations contained therein.

5. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 5 because said paragraph consists of legal conclusions, and on that basis, denies the allegations contained therein.

6. Ho admits the allegations in Paragraph 6.

7. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 7, and on that basis, denies the allegations contained therein.

8. Ho lacks sufficient knowledge or information to either admit or deny the allegations

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

of Paragraph 8 because said paragraph consists of legal conclusions, and on that basis, denies the allegations contained therein.

## III.

## GENERAL ALLEGATIONS

9. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 9, and on that basis, denies the allegations contained therein.

10. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 10, and on that basis, denies the allegations contained therein.

11. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 11, and on that basis, denies the allegations contained therein.

## IV.

## SPECIFIC TRANSACTIONS

**A.    126 Atherton Transactions**

12. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 12, and on that basis, denies the allegations contained therein.

13. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 13, and on that basis, denies the allegations contained therein.

14. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 14, and on that basis, denies the allegations contained therein.

15. Ho denies the allegations of Paragraph 15.

16. Ho denies the allegations in Paragraph 16.

17. In response to the allegations contained in Paragraph 17 of the Complaint, Ho states that the document speaks for itself and therefore no response is required. However, to the extent a response is required, Ho denies the allegations of Paragraph 17.

18. Ho admits the allegations in the first sentence of Paragraph 18, and denies the allegations in the second sentence of Paragraph 18.

19. Ho denies the allegations of Paragraph 19.

20. Ho denies the allegations of Paragraph 20.

21. In response to the allegations directed at her, Ho denies all the allegations in Paragraph 21. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 21 that are not directed to her, and on that basis, denies the allegations contained therein.

**B.    26390 Anacapa Transactions**

22. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 22, and on that basis, denies the allegations contained therein.

23. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 23, and on that basis, denies the allegations contained therein.

24. Ho denies the allegations in Paragraph 24.

25. Ho denies the allegations in Paragraph 25.

26. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 26, and on that basis, denies the allegations contained therein.

27. In response to the allegations directed at her, Ho denies all the allegations in Paragraph 27. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 27 that are not directed to her, and on that basis, denies the allegations contained therein.

**C.    Second Street and San Fernando Street Properties**

28. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 28, and on that basis, denies the allegations contained therein.

29. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 29, and on that basis, denies the allegations contained therein.

30. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 30, and on that basis, denies the allegations contained therein.

31. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 31, and on that basis, denies the allegations contained therein.

32. Ho denies the allegations in Paragraph 32.

33. In response to the allegations directed at her, Ho denies all the allegations in

1  Paragraph 33. Ho lacks sufficient knowledge or information to either admit or deny the allegations
2  of Paragraph 33 that are not directed to her, and on that basis, denies the allegations contained
3  therein.

4     34.    In response to the allegations contained in Paragraph 34 of the Complaint, Ho states
5  that the document speaks for itself and therefore no response is required.

6     35.    In response to the allegations contained in Paragraph 35 of the Complaint, Ho states
7  that the document speaks for itself and therefore no response is required. Ho denies all remaining
8  allegations in Paragraph 35.

9     36.    Ho denies the allegations in Paragraph 36.

10     37.    Ho denies the allegations in Paragraph 37.

11     38.    Ho denies the allegations in Paragraph 38.

12 **D.**    **North America Capital Transactions**

13     39.    Ho denies the allegations in Paragraph 39.

14     40.    Ho lacks sufficient knowledge or information to either admit or deny the allegations
15  of Paragraph 40, and on that basis, denies the allegations contained therein.

16     41.    Ho lacks sufficient knowledge or information to either admit or deny the allegations
17  of Paragraph 40, and on that basis, denies the allegations contained therein, except that Ho admits
18  that documents filed in legal proceedings speak for themselves.

19     42.    Ho lacks sufficient knowledge or information to either admit or deny the allegations
20  of Paragraph 42, and on that basis, denies the allegations contained therein.

21 **E.**    **Miscellaneous Commissions**

22     43.    Ho denies the allegations in Paragraph 43.

23     44.    Ho denies the allegations in Paragraph 44.

24     45.    Ho denies the allegations in Paragraph 45.

25     46.    Ho denies the allegations in Paragraph 46.

26     47.    Ho denies the allegations in Paragraph 47.

27     48.    Ho denies the allegations in Paragraph 48.

28

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**FIRST CLAIM FOR RELIEF**

**(BREACH OF FIDUCIARY DUTY – AGAINST KIRK AND HO)**

49. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 48 as though fully set forth herein.

50. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 50, and on that basis, denies the allegations contained therein.

51. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 51 because said paragraph consists of legal conclusions, and on that basis, denies the allegations contained therein.

52. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 52, and on that basis, denies the allegations contained therein.

53. Ho denies the allegations in Paragraph 53.

54. Ho denies the allegations in Paragraph 54.

**SECOND CLAIM FOR RELIEF**

**(FOR CONVERSION – AGAINST HO)**

55. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 54 as though fully set forth herein.

56. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 56, and on that basis, denies the allegations contained therein.

57. Ho denies the allegations in Paragraph 57.

58. Ho denies the allegations in Paragraph 58.

**THIRD CLAIM FOR RELIEF**

**(TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544 AND APPLICABLE LAW – ACTUAL FRAUD – AGAINST HO)**

59. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 58 as though fully set forth herein.

60. Ho denies the allegations in Paragraph 60.

61. Ho denies the allegations in Paragraph 61.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

62. Ho denies the allegations in Paragraph 62.

## FOURTH CLAIM FOR RELIEF

## (TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A) – ACTUAL FRAUD – AGAINST HO)

63. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 62 as though fully set forth herein.

64. Ho denies the allegations in Paragraph 64.

65. Ho denies the allegations in Paragraph 65.

## FIFTH CLAIM FOR RELIEF

## (TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544 AND APPLICABLE LAW – CONSTRUCTIVE FRAUD – AGAINST HO)

66. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 65 as though fully set forth herein.

67. Ho denies the allegations in paragraph 67.

68. Ho denies the allegations in paragraph 68.

69. Ho denies the allegations in paragraph 69.

70. Ho denies the allegations in Paragraph 70.

## SIXTH CLAIM FOR RELIEF

## (TO AVOID FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B) – CONSTRUCTIVE FRAUD – AGAINST HO)

71. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 70 as though fully set forth herein.

72. Ho denies the allegations in Paragraph 72.

73. Ho denies the allegations in Paragraph 73.

74. Ho denies the allegations in Paragraph 74.

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

## SEVENTH CLAIM FOR RELIEF

## (TO RECOVER AVOIDED TRANSFERS OR THE VALUE THEREOF PURSUANT TO 11 U.S.C. § 550 – AGAINST HO)

75. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 74 as though fully set forth herein.

76. Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 76 because it consists of legal conclusions, and on that basis, denies the allegations contained therein.

77. Ho denies the allegations in Paragraph 77.

78. Ho denies the allegations in Paragraph 78.

## EIGHTH CLAIM FOR RELIEF

## (FOR MONEY HAD AND RECEIVED – AGAINST HO)

79. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 78 as though fully set forth herein.

80. Ho denies the allegations in Paragraph 80.

81. Ho denies the allegations in Paragraph 81.

82. Ho denies the allegations in Paragraph 82.

## NINTH CLAIM FOR RELIEF

## (RESTITUTION FOR UNJUST ENRICHMENT/RESTITUTION – AGAINST HO)

83. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 82 as though fully set forth herein.

84. Ho denies the allegations in Paragraph 84.

85. Ho denies the allegations in Paragraph 85.

## TENTH CLAIM FOR RELIEF

## (ACCOUNTING – AGAINST HO AND KIRK)

86. Ho restates and incorporates herein by reference the answers to the allegations asserted in the preceding Paragraphs 1 through 85 as though fully set forth herein.

87. Ho denies the allegations in Paragraph 87 as they are directed at Ho. Ho lacks

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

sufficient knowledge or information to either admit or deny the allegations of Paragraph 87 as to Benjamin Kirk, and on that basis, denies the allegations contained therein.

88.　Ho denies the allegations in Paragraph 87 as they are directed at Ho.  Ho lacks sufficient knowledge or information to either admit or deny the allegations of Paragraph 87 as to Benjamin Kirk, and on that basis, denies the allegations contained therein.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

1.　As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Ho alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

### **SECOND AFFIRMATIVE DEFENSE**

### **(All Obligations Performed)**

2.　As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Ho has fully and/or substantially performed any and all obligations she may have had to Plaintiff and/or its predecessors in interest.

### **THIRD AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

3.　As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Plaintiff's claims are barred by applicable statutes of limitations.

### **FOURTH AFFIRMATIVE DEFENSE**

### **(Consent)**

4.　As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that the Plaintiff cannot recover from Ho due to its own consent.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

5.  As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

6.  As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Plaintiff's claims, if any, are barred for their failure, and/or the failure of the persons and/or entities acting on its behalf, to mitigate any purported damages.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

7.  As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

8.  As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9.  As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Plaintiffs are barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of waiver.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

### TENTH AFFIRMATIVE DEFENSE

### (Indemnification)

10.  As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that it is entitled to be indemnified and held harmless and or entitled to contribution or apportionment.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Applicable Statutory Provisions)

11.  As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Plaintiff is barred from recovery because it has not satisfied the elements of California Civil Code § 3439 and 11 U.S.C. § 548.

### TWELFTH AFFIRMATIVE DEFENSE

### (Setoff)

12.  In her capacity as a licensed real estate broker, Ho earned and is entitled to receive commissions from Liberty Asset Management Corporation ("Liberty") in connection with the purchase and sale of certain real estate, which commissions are due and owing. Despite repeated demand for payment of such commissions, Liberty has failed and refused to pay such commissions. Accordingly, Ho has the right to set-off her commissions and other obligations (such as unreimbursed expenses) due and owing from Liberty against any damages that Plaintiff may be awarded against Ho.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Standing)

13.  As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Plaintiff lacks standing to bring its claims as to all or a portion of the claims alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Bankruptcy Code Section 548(c) and California Civil Code Section 3439.08)

14.  As a separate and fourteenth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that Bankruptcy Code section 548(c) and/or

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

California Civil Code section 3439.08 bar Plaintiff from recovery as to all or a portion of the claims alleged in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

15. As a separate and fifteenth affirmative defense to the Complaint and each purported cause of action contained therein, Ho alleges that the Complaint, and each and every cause of action alleged therein, is uncertain, vague, and/or ambiguous as to Ho.  Accordingly, Ho is unable to determine what additional defenses may exist to the events and claims alleged in the Complaint.  Ho therefore reserves the right to assert all defenses which may pertain to the Complaint and each of the claims therein once the precise nature of such events and claims is ascertained.

WHEREFORE, Ho prays that:

A. Judgment be entered in favor of Ho and against Plaintiff;

B. Plaintiff takes nothing by reason of its Complaint;

C. Plaintiff's Complaint be dismissed with prejudice;

D. Ho be granted such relief that the Court deems necessary and appropriate.


Dated: May 5, 2017                                   DYKEMA GOSSETT LLP


By: /s/ *Gregory K. Jones*
    Gregory K. Jones
    Attorneys for Defendant
    TSAI LUAN HO, an individual

# PROOF OF SERVICE OF DOCUMENT

Tsai Luan Ho – Adv. Case 2:16-ap-01374-ER

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **333 S. Grand Avenue, Suite 2100, Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*)**: SECOND AMENDED ANSWER OF TSAI LUAN HO TO COMPLAINT FOR BREACH OF FIDUCIARY DUTY; CONVERSION; AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS; MONEY HAD AND RECEIVED; UNJUST ENRICHMENT; AND ACCOUNTING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 5, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

William Crockett on behalf of Defendant Benjamin Kirk at wec@weclaw.com, ksa@weclaw.com
Gail S Greenwood on behalf of Plaintiff Official Unsecured Creditors Committee for Liberty Asset Management Corporation at ggreenwood@pszjlaw.com, rrosales@pszjlaw.com
Jeremy V Richards on behalf of Plaintiff Official Unsecured Creditors Committee for Liberty Asset Management Corporation at jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
United States Trustee (LA) at ustpregion16.la.ecf@usdoj.gov
James S Yan on behalf of Interested Party Courtesy NEF at jsyan@msn.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 5, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) May 5, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 5, 2017 | Caroline Acossano | */s/ Caroline Acossano* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071