Main Document Page 1 of 13

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address
DYKEMA GOSSETT LLP
Michael P. Wippler (SBN 155646)
mwippler@dykema.com
Gregory K. Jones (SBN 181072)
gjones@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

☐ *Debtor(s) appearing without an attorney*
☒ *Attorney for:* Shelby Ho, a/k/a Tsai Luan Ho

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** LOS ANGELES DIVISION

In re:
Liberty Asset Management Corporation,

and related adversary proceeding

Debtor(s).

CASE NO.: 2:16-13575-ER
CHAPTER: 11

**NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**

**[LBR 9013-1(o)]**

[No hearing unless requested in writing]

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) Dykema Gossett LLP, filed a motion or application (Motion) entitled Motion to Withdraw as Counsel to Tsai Luan Ho.

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **<u>DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING</u>:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016* Page 1 **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

Main Document Page 2 of 13

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

(1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2) Movant will lodge an order that the court may use to grant the Motion; and

(3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 09/13/2017

/s/ Gregory K. Jones
Signature of Movant or attorney for Movant

Gregory K. Jones
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016* Page 2 **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

**DYKEMA GOSSETT LLP**
Jeffrey G. Huron (SBN: 136585)
*jhuron@dykema.com*
Gregory K. Jones (SBN: 181072)
*gjones@dykema.com*
333 South Grand Avenue
Suite 2100
Los Angeles, CA 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for
TSAI LUAN HO, an individual

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,

Debtor and
Debtor in Possession.

---

OFFICIAL UNSECURED CREDITORS COMMITTEE FOR LIBERTY ASSET MANAGEMENT CORPORATION,

Plaintiff

vs.

TSAI LUAN HO, an individual; and BENJAMIN KIRK, an individual,

Defendants.

Case No. 2:16-bk-13575-ER

Chapter 11

Adv. No. 2:16-ap-01374-ER

Jointly Administered

**MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF**

[No Hearing Unless Requested in Writing – Local Bankruptcy Rule 9013-1(o)]

1

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, THE PARTIES, AND COUNSEL OF RECORD:**

Dykema Gossett, LLP ("Dykema") hereby files this motion (the "Motion") to withdraw as counsel to defendant Tsai Luan Ho (the "Client") in the above-captioned bankruptcy case (Case No. 2:16-bk-13575-ER) (the "Bankruptcy Case") and above-captioned adversary proceeding (Adv. Pro. No. 2:16-ap-01374-ER) (the "Adversary Proceeding"), both of which are pending before this Court.

The need for relief is a breakdown in the attorney-client relationship for reasons covered by the attorney-client privilege and the Client's failure to pay attorneys' fees owed to Dykema.

This Motion is based upon the following Memorandum of Points and Authorities and the Declaration of Michael P. Wippler attached hereto. This Motion is brought on the grounds that there has been an irreconcilable breakdown of the attorney-client relationship between the Client and Dykema and that Client has breached her retainer agreement with Dykema.

WHEREFORE, Dykema respectfully requests that this Court enter an order (i) granting the Motion and (ii) providing such other and further relief that the Court deems necessary and appropriate.

Dated: September 13, 2017

DYKEMA GOSSETT LLP

/s/ *Gregory K. Jones*

Jeffrey G. Huron
Gregory K. Jones
Attorneys for Tsai Luan Ho

2

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

#### A. Status of Bankruptcy Case and Adversary Proceeding

On March 21, 2016, Liberty Asset Management Corporation (the "Debtor" or "Liberty") commenced the above-captioned bankruptcy case by filing a petition under chapter 11 of the Bankruptcy Code. Pursuant to the "Stipulation Regarding the Official Committee of Unsecured Creditors' Standing to Pursue Adversary Proceedings, Bring Avoidance Claims, and Litigate or Compromise Adversary Proceedings" filed on July 27, 2016, as approved by the Court, the Official Committee of Unsecured Creditors (the "Committee") was granted standing to pursue certain claims for relief on behalf of the Debtor's bankruptcy estate (the "Estate").

On August 16, 2016, the Committee filed its "Complaint for Breach of Fiduciary Duty; Conversion; Avoidance and Recovery of Fraudulent Transfers; Money Had and Received; Unjust Enrichment; and Accounting" (the "Complaint") [Adversary Docket No. 1], which commenced the above-captioned adversary proceeding. On October 14, 2016, Client filed her "Answer of Tsai Luan Ho to Complaint for Breach of Fiduciary Duty; Conversion; Avoidance and Recovery of Fraudulent Transfers; Money Had and Received; Unjust Enrichment; and Accounting" (the "Answer") [Adversary Docket No. 10].[1] Client filed an amended answer on March 30, 2017 [Adversary Docket No. 32], and a second amended answer on May 5, 2017 [Adversary Docket No. 39].

On March 21, 2017, the Court entered its "Order Regarding Case Status and Further Status Conference" (the "Scheduling Order") [Adversary Docket No. 28]. In the Scheduling Order, the Court referred the parties in the Adversary Proceeding to the Central District of California Mediation Panel. On April 6, 2017, the Court entered its "Order Assigning Matter to Mediation Program and Appointing Mediator and Alternate Mediator" [Adversary Docket No. 35].

On July 12, 2017, this Court entered its "Order After Status Conference" [Adversary Docket No. 50], which provided that, *inter alia*, (i) a continued status conference would take place on

---

[1] Dykema became counsel of record as of October 14, 2016, when it filed the Answer.

3

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

October 17, 2017, (ii) a pretrial conference would take place on January 16, 2018, and (iii) a trial would take place during the week of February 26, 2018.

As set forth below and in the Declaration of Michael P. Wippler (the "Wippler Declaration"), after eleven months of representing the Client in the Adversary Proceeding, there has been an irreconcilable breakdown in the attorney-client relationship, the details of which Dykema is unable to disclose without breaching attorney-client confidential communications. The direct result of such breakdown, however, is that Dykema is compelled to seek withdrawal.

**B. Employment of Dykema**

On September 29, 2017, Client executed a retainer agreement (the "Agreement") with Dykema. Pursuant to the Agreement, Client agreed to pay Dykema upon receipt of Dykema's invoices.

The Agreement addresses the issue of terminating Dykema's representation of Client:

> Each of us will have the option to end our relationship if and when we so choose, provided that our firm's fees and costs incurred prior to that time remain your responsibility.

An attachment to the Agreement (the "Terms of Representation") set forth the standard terms and conditions of engagement. The Terms of Representation state the following:

> **How We Charge for our Services and Expenses.** Unless some other arrangement has been agreed upon with you, our practice is to submit monthly invoices for services and expenses. This ensures that you have a current understanding of charges and expenses incurred. The work we have performed on your behalf will be described in the monthly invoice. **Payment is due upon receipt.**

Terms of Representation (emphasis in original).

**C. The Client's Breach of the Agreement with Dykema**

As stated in the Agreement and the Terms of Representation, Client is obligated to pay Dykema upon the receipt of monthly invoices. The last payment made by Client to Dykema was on May 22, 2017. The present amount owing to Dykema is $363,068.93 (which consists of $332,435.40 in amounts billed to the Client and approximately $30,633.53 of WIP).

4

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

Main Document Page 7 of 13

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

Dykema emailed Client on numerous dates, including, but not limited to, August 13, 2017, August 29, 2017, September 6, 2017, September 7, 2017, and September 11, 2017, to discuss, *inter alia*, Client's nonpayment of Dykema's invoices and other related expenses. These emails also discussed case strategies and deadlines in the above-captioned adversary proceeding and other bankruptcy and state court litigation. *See* Wippler Declaration, ¶ 4.

The Client has not paid any portion of the amounts owed to Dykema. Further fees and costs have been incurred by Dykema in representing the Client during September 2017. *See* Wippler Declaration, ¶ 5.

**D. Breakdown in Communications**

The Client has not cooperated with Dykema and has virtually refused to respond to Dykema's correspondence and phone messages for at least the past thirty (30) days. Client's refusal to respond to deadlines in all of her litigation matters has made representation of her impossible, and substantive communication from the Client has virtually ended. Dykema continues to inform Client of dates, deadlines, and responsibilities and will do so until withdrawal is granted.

## II. ARGUMENT

Local Rule 2091-1 of the Local Bankruptcy Rules for the Central District of California (the "Local Rules") provides that counsel may withdraw from an action upon proper notice. The California Rules of Professional Conduct (the "CRPC") provide authority for the withdrawal of counsel. CRPC Rule 3-700 provides, in relevant part, as follows:

> (C) Permissive Withdrawal.
>
> If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request is because:
>
> (1) The client
>
> (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or . . .
>
> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effective, or

5

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

    > (f) breaches an agreement or obligation to the member as to expenses or fees
>
> . . .
>
> (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

The breakdown in the attorney-client relationship has long been recognized as a ground for authorizing the attorney to withdraw. *See, e.g., Aceves v. Superior Court*, 51 Cal.App.4th 584 (1996). Dykema is prepared to appear in camera should the Court require further details surrounding the complete breakdown of the attorney-client relationship. *See Manfredi v. Superior Court of California*, 66 Cal.App.4th 1128, 1136 (1998) (in camera proceedings appropriate to "furnish details" and "provide the court with sufficient information" to resolve representational issues arising out of confidential communications); *Crocker National Bank v. M.F. Securities*, 104 F.R.D. 123, 125 (C.D. Cal. 1985) (court granted motion to withdraw when law firm contended that "its relationship with the [client] has so deteriorated that it was no longer possible for the firm to represent [it]"); *Estate of Falco*, 188 Cal.App.3d 1004, 1020 (1987) (court granted counsel's motion to withdraw on the basis that the attorney-client relationship had completely broken down).

Due to the breakdown in its relationship with Client and for reasons covered by the attorney-client privilege, Dykema can no longer effectively represent Client. *Manfredi*, 66 Cal.App.4th 1128. Dykema is prepared to state that exigency in camera should the need arise.

A client's failure to pay agreed upon attorneys' fees and costs also provides proper support for a motion to withdraw. *Chevron, TCI, Inc. v. Carbone Props. Manager, LLC*, 2009 U.S. Dist. LEXIS 33710 (C.D. Cal. 2009); *Jackie v. Sturkie*, 255 F.Supp.2d 1096, 1098 (N.D. Cal. 2003); *FTC v. Pacific Medical Clinics*, 1992 U.S. Dist. LEXIS 6247 (S.D. Cal. 1992). In addition to the already outstanding fees, the Court must also consider the financial burden the firm will be forced to bear going forward if the Court denies the motion. *Kelley Metal Trading Co. v. Al-Jon/United, Inc.*, 1994 U.S. Dist. LEXIS 7653 (D. Kan. 1994) (holding that withdrawal was appropriate where the amount owed was substantial and counsel would be forced to incur additional expenses if required to try the case and there was little indication that the client would be able to pay).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

6

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

Main Document Page 9 of 13

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**WHEREFORE**, Dykema respectfully requests that this Court enter an order (i) granting the Motion and (ii) providing such other and further relief that the Court deems necessary and appropriate.

Dated: September 13, 2017

DYKEMA GOSSETT LLP

/s/ *Gregory K. Jones*

Jeffrey G. Huron
Gregory K. Jones
Attorneys for Tsai Luan Ho

7

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

**DECLARATION OF MICHAEL P. WIPPLER**

1. I am an attorney at law licensed to practice my profession in the state of California and a Member of Dykema Gossett LLP ("Dykema"), counsel of record for Tsai Luan Ho ("Ho"). I make this declaration in support of Dykema's "Motion to Withdraw as Counsel to Tsai Luan Ho" (the "Motion") in the above-captioned bankruptcy case of Liberty Asset Management Corporation ("Liberty") and the above-captioned adversary proceeding entitled *Official Unsecured Creditors Committee for Liberty Asset Management Corporation v. Tsai Luan Ho and Benjamin Kirk* (the "Adversary Proceeding"). If called as a witness, I could and would testify to the following facts, which are of my own personal knowledge or based on information and belief.

2. The last payment made by Ms. Ho to Dykema was on May 22, 2017, in the amount of $50,000.

3. The present amount owing from Ms. Ho to Dykema is $363,068.93 (which consists of $332,435.40 in amounts billed to Ms. Ho and approximately $30,633.53 of WIP).

4. I have emailed Ms. Ho on numerous dates, including, but not limited to, August 13, 2017, August 29, 2017, September 6, 2017, September 7, 2017, and September 11, 2017, to discuss, *inter alia*, Ho's nonpayment of Dykema's invoices and other related expenses. These emails also discussed case strategies and deadlines in the Adversary Proceeding and other bankruptcy and state court litigation.

5. Further fees and costs have been incurred by Dykema in representing Ms. Ho during September 2017.

6. Ms. Ho has been unresponsive to my correspondence and phone messages for the past thirty (30) days. Ms. Ho's refusal to respond to my communications or deadlines in all of her litigation matters has made representation of her impossible, and substantive communication from Ms. Ho has ended. I and others at Dykema will continue to inform Ms. Ho of dates, deadlines, and responsibilities and will do so until withdrawal is granted.

7. I advised Ms. Ho in writing several times that Dykema would file a motion to withdraw as counsel of record if the invoices remained unpaid and she continued to fail to respond to our correspondence. I also advised Ms. Ho in writing of the consequences of approval of

8

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

Dykema's withdrawal.

8. I have practiced law for over twenty-five years. I have tried very hard to communicate with Ms. Ho and to repair our attorney-client relationship, but I have been unable to do so. I do not believe that Dkema could continue representing Ms. Ho at trial or in any other pretrial matters given the breakdown in communications with Ms. Ho and Ms. Ho's non-payment of her legal fees.

9. The mailing address for Ms. Ho is 126 Atherton Avenue, Atherton, California 94027. Ms. Ho's email address is sfkm126@gmail.com and phone number is (650) 815-1947.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12 day of September 2017, in Los Angeles, California.

Michael P. Wippler

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

9

MOTION TO WITHDRAW AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF

# PROOF OF SERVICE OF DOCUMENT

Tsai Luan Ho – Adv. Case 2:16-ap-01374-ER

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **333 S. Grand Avenue, Suite 2100, Los Angeles, CA 90071**

A true and correct copy of the foregoing document entitled (*specify*)**: NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION; MOTION TO WITHDRAWAL AS COUNSEL TO TSAI LUAN HO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL P. WIPPLER IN SUPPORT THEREOF** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 14, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Gail S Greenwood on behalf of Plaintiff Official Unsecured Creditors Committee for Liberty Asset Management Corporation
ggreenwood@pszjlaw.com, rrosales@pszjlaw.com

Peter J Gurfein on behalf of Mediator Peter Gurfein
pgurfein@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com

Gregory K Jones on behalf of Defendant Tsai Luan Ho
GJones@dykema.com, CAcossano@dykema.com;DocketLA@dykema.com

Jeremy V Richards on behalf of Plaintiff Official Unsecured Creditors Committee for Liberty Asset Management Corporation
jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

James S Yan on behalf of Interested Party Courtesy NEF
jsyan@msn.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 14, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Benjamin Kirk
4110 Edison Ave Apt. 208A
Chino, CA 91710

☐ Service information continued on attached page

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071


**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 14, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| Honorable Ernest M. Robles<br>United States Bankruptcy Court<br>Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1560 / Courtroom 1568<br>Los Angeles, CA 90012 | Tsai Luan Ho a/k/a/ Shelby Ho<br>126 Atherton Avenue<br>Atherton, CA 94027 |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 14, 2017 | Caroline Acossano | */s/ Caroline Acossano* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071