

**FILED & ENTERED**

MAY 16 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re: Liberty Asset Management Corporation, Debtor | Case No.: 2:16-bk-13575-ER |
| | Adv. No.: 2:16-ap-01374-ER |
| Official Unsecured Creditors Committee for Liberty Asset Management Corporation,<br><br>Plaintiff<br><br>v.<br><br>Tsai Luan Ho,<br><br>Defendant | **ORDER STRIKING FROM THE RECORD PURPORTED** *SUBSTITUTION OF ATTORNEY* **FORM FILED BY ATTORNEYS JAMES ANDREW HINDS, JR. AND PAUL R. SHANKMAN**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

  The Court has reviewed the purported *Substitution of Attorney* form (the "Purported Substitution") [Doc. No. 98] filed by James Andrew Hinds, Jr. and Paul R. Shankman (collectively, "Counsel"). The Purported Substitution states that Tsai Luan Ho's "new attorney" is "Tsai Luan Ho." The Purported Substitution states that the "new attorney hereby appears in … the bankruptcy case [and] the adversary proceeding." Purported Substitution at ¶3. Tsai Luan Ho is not admitted to practice law in the State of California.

  Local Bankruptcy Rule ("LBR") 2091-1 requires an attorney to obtain leave of court to withdraw from representation, unless a new attorney agrees to serve as substitute counsel. The *Substitution of Attorney* form is intended to be used when a client decides to hire a different attorney. It is not meant for situations such as the present case, in which the attorney wishes to withdraw and leave the client to proceed *in pro se*. LBR 2091-1(b) makes clear the proper use of

the *Substitution of Attorney* form; that proper use is further reinforced by the form itself, which requires that the substituting attorney identify the "new attorney."

Here, Counsel filed the Purported Substitution to circumvent LBR 2091-1's requirement that Counsel obtain leave of Court to withdraw from representing Ms. Ho. The filing of the Purported Substitution was especially inappropriate because trial in this matter is set for May 29 and May 30, 2018. The Court reiterates that unless the Ms. Ho obtains substitute counsel, James Andrew Hinds, Jr. and Paul R. Shankman remain counsel of record for Ms. Ho in this action. To be relieved of representation, Counsel are required to file a motion to withdraw. Counsel are advised that the Court looks with disfavor upon motions to withdraw filed upon the eve of trial. Further, absent exceptionally compelling circumstances, withdrawal will not be permitted if it will cause the trial to be delayed. *See* LBR 2091-1(e)(2) ("Unless good cause is shown and the ends of justice require, no substitution or withdrawal will be allowed that will cause unreasonable delay in prosecution of the case or proceeding to completion.").

Based upon the foregoing, the Court HEREBY ORDERS as follows:
1) The Purported Substitution is STRICKEN from the record; and
2) James Andrew Hinds, Jr. and Paul R. Shankman remain counsel of record for Ms. Ho in this action.

IT IS SO ORDERED.

###

Date: May 16, 2018

Ernest M. Robles
United States Bankruptcy Judge