| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeremy V. Richards (CA SBN 102300)<br>Gail S. Greenwood (CA SBN 169939)<br>PACHULSKI STANG ZIELH & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, California  90067<br>Telephone:  (310) 277-6910<br>Facsimile:  (310) 201-0760<br>Email:      jrichards@pszjlaw.com;<br>            ggreenwood@pszjlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Plaintiff, Bradley D. Sharp, Plan Administrator under the Confirmed First Amended Chapter 11 Plan of Liquidation Dated January 31, 2018 for Liberty Asset Management Corporation | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><div align="right">Debtor(s).</div> | CASE NO.: 2:16-bk-13575-ER<br><br>ADVERSARY NO.: 2:16-ap-01374-ER<br><br>CHAPTER: 11 |
| BRADLEY D. SHARP, Plan Administrator under the Confirmed First Amended Chapter 11 Plan of Liquidation Dated January 31, 2018 for Liberty Asset Management Corporation<br><br><div align="right">Plaintiff(s).</div><br><div align="center">vs.</div><br><br>TSAI LUAN HO,<br><br><div align="right">Defendant(s).</div> | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]**<br><br>DATE:        February 11, 2020<br>TIME:        10:00 A.M.<br>COURTROOM:    1568<br>ADDRESS:     255 E. Temple Street<br>             Los Angeles, CA  90012 |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1 (a)(2):

**A.  PLEADINGS/SERVICE:**

1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc. (Claims Documents)?    ☒ Yes    ☐ No

2.  Have all parties filed and served answers to the Claims Documents?    ☒ Yes    ☐ No

3.  Have all motions addressed to the Claims Documents been resolved?    ☒ Yes    ☐ No

4.  Have counsel met and conferred in compliance with LBR 7026-1?    ☒ Yes    ☐ No

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 1                          **F 7016-1.STATUS.REPORT**
DOCS_SF:102702.1 52593/003

**B.  READINESS FOR TRIAL:**

1.  When will you be ready for trial in this case?

| Plaintiff | Defendant |
|---|---|
| Plaintiff is ready for trial now. Plaintiff was ready for the previously scheduled trial on 5/29/18 and briefing is complete.  The claims against Ho are not affected by reversal of the summary judgment order in the adversary against Kirk/Gao, which is now closed.  Plaintiff opposes any reopening of discovery or alteration of the pretrial stipulation and order [Dkt. #89]. | Defendant Ho is not ready for trial and respectfully requests that any trial date in this matter take into account two important issues.  First, the Summary Judgments entered against Benny Kirk and Lucy Goa were overturned on appeal.  The res judicata and collateral estoppel effect of these prior judgments is not questionable.  Second, this court must consider the **Fifth Amendment** privilege issues related to Kirk and Goa's rights under *Pacers. V. Sup. Ct.* 162 Cal.App.3d 686 (1984). |

2.  If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

| Plaintiff | Defendant |
|---|---|
| N/A | The criminal trials of Benny Kirk and Lucy Goa before the Santa Clara Superior Court have not been set.  Ho intends to call both at trial and thus under *Pacers. V. Sup. Ct.* 162 Cal.App.3d 686 (1984) the trial of this matter should not be set. |

3.  When do you expect to complete <u>your</u> discovery efforts?

| Plaintiff | Defendant |
|---|---|
| N/A. | Unknown. |

4.  What additional discovery do you require to prepare for trial?

| Plaintiff | Defendant |
|---|---|
| N/A.  Discovery closed on **June 30, 2017**.  Ho was represented by counsel at all times, including the depositions of Kirk and Gao.  The Court denied Ho's 2018 request to reopen discovery and continue the trial [#83-84] and should do so again. | Based on the reversal of the Summary Judgments against Benny Kirk and Lucy Goa by the appellate court Ho believes that many of the "agreed-to" facts are not no long true thus giving rise to the need for additional discovery. |

**C.  TRIAL TIME:**

1.  What is your estimate of the time required to present <u>your side of the case</u> at trial *(including rebuttal stage if applicable)?*

| Plaintiff | Defendant |
|---|---|
| 2 days | Unknown at this time. |

2.  How many witnesses do you intend to call at trial *(including opposing parties)?*

| Plaintiff | Defendant |
|---|---|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 3                                    **F 7016-1.STATUS.REPORT**

DOCS_SF:102702.1 52593/003

2 witnesses

3.  How many exhibits do you anticipate using at trial?

| Plaintiff | Defendant |
|---|---|
| See Final Pretrial Order [Docket No. 89] | Unknown at this time.  However, Ho intends to call Benny Kirk and Lucy Goa as trial witnesses. |

## D.  **PRETRIAL CONFERENCE:**

| Plaintiff | Defendant |
|---|---|
| Pretrial conference ☐ is ☒ is not requested<br>Reasons: see below | Pretrial conference  X is ☐ is not requested<br>Reasons:<br>. |

| Plaintiff | Defendant |
|---|---|
| Pretrial conference should be set <u>after</u>:<br>(*date*) ___Any time___ | Pretrial conference should be set <u>after</u>:<br>(*date*) June 30, 2020 |

## E.  **SETTLEMENT:**

1.  What is the status of settlement efforts?

   None.  However, in light of the changed circumstances from (1) the reversal of the Committee's Summary Judgments against Kirk and Goa, (2) the criminal proceeding now pending against Kirk and Goa in Santa Clara County, and (3) the Administrators settlement of claims with both Kirk and Goa, post reversal of the Committee's Summary Judgments, Ho believes that settlement of the issues in this matter are possible in line with the settlement reached with Kirk and Goa.

2.  Has this dispute been formally mediated?    ☒ Yes    ☐ No
   If so, when?

June 2017, July 2017, and January 2018.  Three attempts at mediation were unsuccessful.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 3                    **F 7016-1.STATUS.REPORT**

DOCS_SF:102702.1 52593/003

3.  Do you want this matter sent to mediation at this time?

|  | Plaintiff | | | Defendant | |
|---|---|---|---|---|---|
|  | ☐ Yes | ☒ No | | ☒ Yes | ☐ No |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*        Page 3        **F 7016-1.STATUS.REPORT**

DOCS_SF:102702.1 52593/003

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below. Failure to select either box below may be deemed consent.

<table>
<tr><td>Plaintiff</td><td>Defendant</td></tr>
<tr><td>I  ☒ do ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td><td>I  ☒ do ☐ do not consent to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td></tr>
</table>

**G.  ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** *(Use additional page if necessary)*

Trial was originally scheduled to begin on May 29, 2018.  Ms. Ho initiated a chapter 7 petition before the Northern District of California Bankruptcy Court on May 28, 2018, case no. 18-bk-30581-DM.  The chapter 7 trustee successfully moved to deny a discharge under Bankruptcy Code section 727(a)(3), which was affirmed on appeal before the District Court, case no. 19-cv-02095 (attached).

Ho asserts as follows: Defendant Ho is not ready for trial and respectfully requests that any trial date in this matter take into account two important issues.  First, the Summary Judgments entered against Benny Kirk and Lucy Goa were overturned on appeal.  The res judicata and collateral estoppel effect of these prior judgments is not questionable.  Second, this court must consider the **Fifth Amendment** privilege issues related to Kirk and Goa's rights under *Pacers. V. Sup. Ct.* 162 Cal.App.3d 686 (1984).

Respectfully submitted,

Date:  February 4, 2020

Pachulski Stang Ziehl & Jones LLP
Printed name of law firm


   */s/ Gail S. Greenwood*
Signature

Gail S. Greenwood, Esq.
Printed name
Attorney
for:    Plaintiff, Bradley D. Sharp

Date:    February 4, 2020

The Hinds Law Group, APC
Printed name of law firm


   */s/ James Andrew Hinds, Jr.*
Signature

James Andrew Hinds, Jr.
Printed name
Attorney
for:    Defendant, Tsai Luan Ho

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 5    **F 7016-1.STATUS.REPORT**
DOCS_SF:102702.1 52593/003

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TSAI LUAN HO *aka* SHELBY HO,

    Appellant,

    v.

ANDREA A. WIRUM, Chapter 7 Trustee,

    Appellee.

Case No.  19-cv-02095-RS

**ORDER AFFIRMING GRANT OF PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION

On April 1, 2019, the bankruptcy court granted Appellee Trustee Andrea A. Wirum's motion for partial summary judgment seeking denial of discharge of Appellant Debtor Tsai Luan Ho from Chapter 7 bankruptcy pursuant to 11 U.S.C. § 727(a)(3).  Ho now challenges that decision.  For the reasons stated below, the order of the bankruptcy court is affirmed.

## II. BACKGROUND[1]

Since 2008, Ho has been involved personally in this voluntary Chapter 7 bankruptcy proceeding and has been designated as the responsible individual in Chapter 11 cases for Big Max, LLC and Great Vista Real Estate Investment Corporation.[2]  Ho has admitted that "for many years

---

[1] This synopsis is based on the electronic record which is comprised of excerpts from the United States Bankruptcy Court for the Northern District of California.  *See* Bankr. Case No. 18-03051-DM.  Unless otherwise noted, the material facts below are undisputed.

[2]  Case No. 18-30031-DM and Case No. 18-30032-DM, respectively.

1 [she] has been involved in large and sophisticated real estate and financial transactions" and that

2 from 2015 through early 2018, "[she] came into possession of large sums of money and disbursed

3 large sums of money from her accounts." Bankr. Case No. 18-03051-DM, Dkt. No. 1. at 2-3.

4     Before the initial meeting between the parties for his Chapter 7 case, Wirum requested that

5 Ho provide certain documents and records per the requirements of 11 U.S.C. § 727(a)(3).

6 Subsequently, at two meetings between the parties, Ho repeatedly confirmed that she did not keep

7 records on QuickBooks or any other system. Ho also mentioned her lack of record keeping in

8 meetings for the Big Max and Great Vista Chapter 11 cases.

9     After the filing of the adversary proceeding in the bankruptcy court, Ho provided some

10 documentation to Wirum, including receipts, bank statements, tax returns, and hand-written notes.

11 However, according to Wirum, these records were not presented in any discernible order, and

12 were not thorough or organized enough for Wirum to understand Ho's financial history or present

13 financial condition. Ho disagrees. Moreover, she alleges that Wirum refused to meet with Ho to

14 discuss the contents of the additional documentation that Ho had provided.

15     Wirum moved for partial summary judgment to deny Ho a discharge due to inadequate

16 record keeping. Ho opposed the motion, arguing her "culture, education, and business

17 experience" justified her lack of records. The bankruptcy court sided with the Trustee and denied

18 Ho's discharge. This appeal followed.

19 <div align="center">**III. STANDARD OF REVIEW**</div>

20     When considering an appeal from the bankruptcy court, a district court applies the same

21 standard of review that a circuit court would use in reviewing a decision of a district court. *See*

22 *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir.1997). "We review the bankruptcy

23 court's grant of summary judgment de novo, and must view the evidence in the light most

24 favorable to the non-moving party and determine whether there are any genuine issues of material

25 fact and whether the bankruptcy court correctly applied the substantive law." *In re Caneva*, 550

26 F.3d 755, 760 (9th Cir. 2008). A material fact is one that, "under the governing substantive law

27 . . . could affect the outcome of the case." *Id.* A genuine issue of material fact exists when "the

28

1    evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*

2    *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment must

3    initially identify the evidence which it believes demonstrates that there is no genuine issue of

4    material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets

5    its burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." *In*

6    *re Caneva*, 550 F.3d at 761.

7                                         **IV. DISCUSSION**

8              **a.  Inadequate Records**

9              Ho appeals the bankruptcy court's entry of summary judgment and alleges that her pre-

10   petition recording keeping was adequate under 11 U.S.C. § 727(a)(3). Title 11 of the United

11   States Code, § 727(a)(3), provides that "[t]he Court shall grant the debtor a discharge, unless—the

12   debtor has . . . failed to keep or preserve any recorded information, including books, documents,

13   records, and papers, from which the debtor's financial condition or business transactions might be

14   ascertained, unless such act or failure to act was justified under all of the circumstances of the

15   case[.]" 11 U.S.C. § 727(a)(3). To state a prima facie case under § 727(a)(3), a plaintiff must

16   show "(1) that the debtor failed to maintain and preserve adequate records, and (2) that such

17   failure makes it impossible to ascertain the debtor's financial condition and material business

18   transactions." *In re Cox*, 41 F.3d 1294, 1296 (9th Cir. 1994). Adequate records should enable

19   creditors to follow a debtor's transactions "for a reasonable period in the past." *In re Caneva*, 550

20   F.3d at 761. Discharge from bankruptcy under § 727(a)(3) imposes an affirmative duty on the

21   debtor to maintain such records, and "when a debtor is sophisticated and carries on a business

22   involving substantial assets, creditors have an expectation of greater and better record keeping."

23   *Id.* at 762. (internal quotations omitted).

24             The bankruptcy court found that Wirum "established a prima facie case … that [Ho] did

25   not keep or maintain adequate financial records from which her financial condition [could] be

26   determined." The court reasoned that simply handing over unorganized and incomplete receipts

27   and bank records made it impossible for Wirum to understand Ho's financial condition or business

28

ORDER AFFIRMING GRANT OF PARTIAL SUMMARY JUDGMENT
CASE NO. 19-cv-02095-RS

3

United States District Court
Northern District of California

transactions. Ho admitted that she did not maintain robust, if any, records documenting the large

transfers into and out of her accounts. Lastly, the bankruptcy court found that as a licensed real

estate broker since 2006, Ho was a sophisticated party and that a reasonable person in similar

circumstances would have maintained some financial records related to the transactions in

question.

Here, Ho argues that, unlike in *Caneva* where the debtor destroyed or never created records

documenting large payments to a third party, Ho did provide the Trustee with bank statements, a

narrative recounting of her dealings with Liberty and its investors, hand-written notes about loans

to family and friends, tax returns, and records relating to some real estate transactions. *Id.* at 759.

However, as stated by the bankruptcy court, these piecemeal records did not allow Wirum to

reconstruct or understand the "large and sophisticated real estate transactions" that Ho engaged in,

or the source or destination of "large sums of money" that flowed in and out of her accounts.

Bankr. Case No. 18-03051-DM, Dkt. No. 21. at 3. Ho's bank records show deposits totaling more

than $3.5 million from 2015 through 2017. *Id.* Dkt. No. 12-2. at 2-3. Ho has been involved in real

estate transactions worth up to $63 million and, until recently, lived in a $9 million Atherton home

with a monthly mortgage of $57,000. *Id.* at 4. Despite these large sums, Ho's tax returns reflect

no wages or commissions and a negative adjusted gross income for those years. *Id.* According to

Wirum, despite careful analysis and review of additional documentation submitted by Ho upon

request, a full accounting of Ho's financial history was not possible. *Id.* at 5-6.

As in *Caneva*, the mere fact that Ho provided some documentation related to her business

activities does not by itself create a question of material fact as to whether those documents were

adequate enough to satisfy 11 U.S.C. § 727(a)(3). Likewise, Ho's offer to meet with Wirum and

to provide explanations about the records provided is not a stand-in for the record keeping

requirement under § 727(a)(3).

Ho's affirmative duty to maintain a standard of records was heightened by the fact that her

California real estate broker license required it. According to California Business and Professional

Code § 10148(a), "[a] licensed real estate broker shall retain for three years copies of all listings,

United States District Court
Northern District of California

1  deposit receipts, canceled checks, trust records, and other documents executed by him or her or

2  obtained by him or her in connection with any transactions for which a real estate broker license is

3  required." Therefore, Ho was on notice through her professional licensing body that record

4  keeping was required. Nonetheless, Ho admitted that she did not maintain any documentation

5  related to the mysterious, multimillion-dollar transactions in question. The bankruptcy court was

6  correct in finding that Wirum made a prima facie case that Ho's business records were inadequate.

7      **b. No Justification for Lack of Records**

8      "Once the objecting party shows that the debtor's records are absent or are inadequate, the

9  burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records."

10 *In re Cox*, 41 F.3d 1294, 1296 (9th Cir. 1994). The relevant inquiry is whether, considering the

11 totality of the circumstances, others in like circumstances would ordinarily keep or preserve

12 adequate records, and the inquiry includes factors such as the debtor's education and

13 sophistication, the size and complexity of the debtor's business, the debtor's personal financial

14 condition, and any other special circumstances that may exist. *Id.* at 1299.

15     The bankruptcy court rejected Ho's explanation that her "culture, education, and business

16 experiences" were a justification for her inadequate records. The court found that, even if it was

17 common practice in Chinese culture for large, sophisticated deals to be documented informally or

18 not at all, the fact that California law requires real estate brokers like Ho to maintain records,

19 coupled with Ho's own admitted experience in large, sophisticated real estate transactions, makes

20 her inadequate record keeping unjustifiable.

21     On appeal, Ho reiterates the same argument—namely that, because of her age, lack of

22 English language training, Chinese cultural background, education level, and overall lack of

23 business sophistication, her record keeping was adequate. Ho also argues that the bankruptcy

24 judge failed to consider the expert declaration by Monica Arima that supported those assertions.[3]

25

_____

26 [3] The parties disagree whether Arima's declaration was expert testimony or testimony of a lay
   witness. We need not decide this question because even if Arima's testimony were considered

27 expert testimony, and even if cultural background could properly be considered under 11 U.S.C.
   § 727(a)(3), the professional record keeping requirements dictated by state law impose a minimum

28

ORDER AFFIRMING GRANT OF PARTIAL SUMMARY JUDGMENT
CASE NO. 19-cv-02095-RS

5

Case 3:19-cv-02095-RS Document 11 Filed 12/11/19 Page 5 of 7

United States District Court
Northern District of California

1    Ho offers no case authority to support the proposition that cultural factors can be

2  considered as a justification for inadequate records.  Ho cites *In re Hong Minh Tran* to

3  demonstrate that the type and sophistication of the debtor can be taken into account, but the case

4  makes no mention of culture, specifically, as a justification.  Additionally, Ho does not point to

5  any case supporting the notion that the age of the debtor should be a factor considered by a court

6  in determining whether record keeping was reasonable.  In fact, the Ninth Circuit has found the

7  opposite to be true.  *See In re Fox*, No. 18-56182, 2019 WL 6445434, at *1 (9th Cir. Nov. 29,

8  2019) (affirming the bankruptcy court's denial of discharge and finding that old age and physical

9  ailments did not justify a lack of proper record keeping by a debtor with sophisticated business

10  experience).  Ho's experience as a longtime real estate broker, often working on deals for high-end

11  properties worth millions of dollars, undermines her argument that as a naïve Chinese immigrant

12  she shouldered no reasonable duty to document the large sums of money moving in and out of her

13  accounts.  The bankruptcy court aptly opined that Ho's supposed lack of "formal training in

14  business matter[s] and business bookkeeping" should have compelled her to use bookkeeping

15  software or hire an accountant, rather than serve as a justification to abdicate that responsibility

16  completely.  Bankr. Case No. 18-03051-DM, Dkt. No. 21. at 7-8.  The bankruptcy court's finding

17  that Ho's purported justification for inadequate records was untenable is affirmed.

18                                            **V. CONCLUSION**

19    Reviewing the bankruptcy court's decision de novo and reviewing the record in the light

20  most favorable to Ho, Wirum has plead a prima facie case under 11 U.S.C. § 727(a)(3) that Ho's

21  record keeping was inadequate and lacking justification.  Ho failed to meet her burden to show her

22  failure to keep adequate records was justified.  Because no reasonable juror could conclude

23  otherwise, the bankruptcy court's grant of partial summary judgment denying Ho's discharge from

24  Chapter 7 bankruptcy is affirmed.

25

26  ──────────────────────────────────

27  level of record keeping that Ho failed to meet.  Cultural background cannot exempt a professional
     from state law requirements absent some express statutory exception.

28                                    Order Affirming Grant of Partial Summary Judgment
                                             Case No. 19-cv-02095-RS

Case: 18-03051     Doc# 57     Filed: 12/11/19     Entered: 12/12/19 10:50:44     Page 6 of 7

**IT IS SO ORDERED**.

Dated: December 11, 2019

RICHARD SEEBORG

United States District Judge

United States District Court
Northern District of California

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**150 California Street, 15th Floor, San Francisco, California 94111.**

A true and correct copy of the foregoing document entitled (*specify*):  **JOINT STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing documents will be served by the court via NEF and hyperlink to the document. On (*date*) **February 4, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Gail S Greenwood    ggreenwood@pszjlaw.com, rrosales@pszjlaw.com
- James Andrew Hinds    jhinds@hindslawgroup.com, mduran@hindslawgroup.com
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
- Rachel M Sposato    rsposato@hindslawgroup.com, mduran@hindslawgroup.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- James S Yan    jsyan@msn.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **February 4, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 4, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
**Via Overnight Mail to:**
Honorable Ernest M. Robles
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 4, 2020 | Matt Renck | /s/ Matt Renck |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 6    **F 7016-1.STATUS.REPORT**
DOCS_SF:102702.1 52593/003