| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeremy V. Richards (CA SBN 102300)<br>John D. Fiero (CA SBN 136557)<br>Gail S. Greenwood (CA SBN 169939)<br>Victoria A. Newmark (CA SBN 183581)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: 310/277-6910<br>Facsimile: 310/201-0760<br>Email: jrichards@pszjlaw.com<br>jfiero@pszjlaw.com<br>vnewmark@pszjlaw.com<br>ggreenwood@pszjlaw.com<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

</div>

| In re:<br>LIBERTY ASSET MANAGEMENT CORPORATION,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.:2:16-bk-13575-TD<br><br>CHAPTER: 11 |
|---|---|
| | <div align="center">**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**</div> |
| | <div align="center">[No Hearing Required]</div> |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On *(date):* 05/26/16_____ Movant(s) filed a motion or application (Motion) entitled: Application of the Official Committee of Creditors Holding Unsecured Claims for Order Approving Employment of Development Specialists, Inc. as its Financial Advisor

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On *(date):* 05/26/16_____ Movant(s), served a copy of ☒ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F).

6. More than 28 days have passed after Movant(s) served the notice of motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                         Page 2                        **F 9013-1.2.NO.REQUEST.HEARING.DEC**
DOCS_SF:91277.1 52593/002



7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

WHEREFORE, Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 06/24/16                          /s/ Jeremy V. Richards
                                        Signature


                                        Jeremy V. Richards
                                        Printed name

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                          Page 2                          **F 9013-1.2.NO.REQUEST.HEARING.DEC**
DOCS_SF:91277.1 52593/002

American LegalNet, Inc.
www.FormsWorkFlow.com

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* 06/24/16_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* 06/24/16_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

David Trinh
Trinh Law
99 N 1st St, Ste 200
San Jose, CA 95113

Scott Whitman
Scott L. Whitman, Inc.
5670 Wilshire Blvd., Ste. 2170
Los Angeles, CA 90036

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* 06/24/16_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express Overnight Delivery*
Honorable Thomas B. Donovan
United States Bankruptcy Court Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/24/16 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                                    Page 3                            **F 9013-1.2.NO.REQUEST.HEARING.DEC**
DOCS_SF:91277.1 52593/002


American LegalNet, Inc.
www.FormsWorkFlow.com

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Kyra E Andrassy    kandrassy@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- John D Fiero    jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Gail S Greenwood    ggreenwood@pszjlaw.com, efitzgerald@pszjlaw.com
- David S Henshaw    david@henshawlaw.com, info@henshawlaw.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Charles Alex Naegele    alex@canlawcorp.com, alexnaegelelaw@gmail.com
- Victoria Newmark    vnewmark@pszjlaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Mark Romeo    romeolaw@msn.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- James S Yan    jsyan@msn.com

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 3    **F 9013-1.2.NO.REQUEST.HEARING.DEC**
DOCS_SF:91277.1 52593/002


American LegalNet, Inc.
www.FormsWorkFlow.com

JEREMY V. RICHARDS (CA SBN 102300)
JOHN D. FIERO (CA SBN 136557)
GAIL S. GREENWOOD (CA SBN 169939)
VICTORIA A. NEWMARK (CA SBN 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jrichards@pszjlaw.com
          jfiero@pszjlaw.com
          vnewmark@pszjlaw.com
          ggreenwood@pszjlaw.com

[Proposed] Attorneys for
Official Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION,<br><br>               Debtor and<br>               Debtor in Possession. | Case No.:  2:16-bk-13575-TD<br><br>Chapter 11<br><br>**NOTICE AND OPPORTUNITY FOR HEARING REGARDING APPLICATION OF THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS FOR ORDER APPROVING EMPLOYMENT OF DEVELOPMENT SPECIALISTS, INC. AS ITS FINANCIAL ADVISOR**<br><br>[No hearing required pursuant to Local Bankruptcy Rule 2014-1(b)(1)] |

**TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND DEBTOR IN POSSESSION, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy case of Liberty Asset Management Corporation (the "Debtor") filed an application on May 26, 2016 [Docket No. 80] ("Application") for the entry of an

order authorizing and approving the employment of Development Specialists, Inc. ("<u>DSI</u>" or the "<u>Firm</u>"), as financial advisor to the Committee in connection with the Debtor's chapter 11 case, effective as of May 25, 2016, to perform the following services:

a. trace cash receipts and disbursements to the ultimate source or asset and advise the Committee on issues related to the tracing of cash as necessary;

b. analyze intercompany and/or related party transactions of the Debtor and non-Debtor affiliates;

c. advise and assist the Committee in identifying and/or reviewing any asset sales or other pre-petition transactions, preference payments, fraudulent conveyances, and other potential causes of action that the Debtor's estate may hold against insiders and/or third parties;

d. advise and assist the Committee in its analysis and monitoring of the Debtor's and non-Debtor affiliates' historical, current and projected financial affairs;

e. develop strategies to maximize recoveries from the Debtor's assets and advise and assist the Committee with respect to such strategies;

f. evaluate any asset sales proposed by the Debtor;

g. monitor the Debtor's claims management process, analyze claims including guarantee claims, priority claims and potential deficiency claims and summarize claims by entity;

h. analyze the Debtor's and non-Debtor affiliates' assets and analyze potential recoveries to creditor constituencies under various scenarios and prepare the associated recovery waterfall;

i. review and provide analysis of any plan of reorganization and disclosure statement relating to the Debtor including, if applicable, the development and analysis of any plan of reorganization proposed by the Committee;

j. advise and assist the Committee and its legal advisor in reviewing and evaluating any court motions, applications, or other pleadings filed or to be filed by the Debtor, or any other parties-in-interest;

k. attend Committee meetings and court hearings as may be required;

l. render such other general business consulting or assistance as the Committee or its legal advisor may deem necessary, consistent with the role of a financial advisor; and

m. perform other potential services, including: rendering expert testimony, issuing expert reports and or preparing litigation, valuation and forensic analyses that have not yet been identified but as may be requested from time to time by the Committee and its legal advisor.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

2

1   The Application is made pursuant to sections 328(a) and 1103(a) of Title 11 of the United States

2   Code (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

3   "<u>Bankruptcy Rules</u>").

4          **PLEASE TAKE FURTHER NOTICE** that a true and correct copy of the

5   Application can be obtained by contacting attorney Gail S. Greenwood, Pachulski Stang Ziehl &

6   Jones  LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, telephone: (415) 263-7000,

7   facsimile (415) 263-7010, email:  ggreenwood@pszjlaw.com.

8          **PLEASE TAKE FURTHER NOTICE** that subject to the provisions of the Bankruptcy

9   Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Guidelines, and

10  this Court's rules, the Committee proposes to pay DSI its customary hourly rates in effect from time

11  to time and to reimburse the Firm according to its customary reimbursement policies.  The hourly

12  rates for the professionals expected to have primary responsibility for providing services to the

13  Committee are:

14

| Position | Hourly Rate |
|----------|-------------|
| Senior Managing Directors | $575 - $695 per hour |
| Managing Directors / Directors | $320 - $460 per hour |
| Senior Associates / Associates | $170 - $290 per hour |

18         No promises have been given or received by DSI as to compensation in connection with this

19  chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.  To the best of

20  the Committee's knowledge, neither DSI nor any of its employees have any connection with any

21  party in interest, their attorneys or accountants, other than as set forth in the Declaration of Brad

22  Sharp.

23         **PLEASE TAKE FURTHER NOTICE** that that pursuant to Local Bankruptcy Rule

24  2014-1(b)(1), a hearing is not required in connection with the Application unless requested by the

25  United States Trustee, a party in interest, or otherwise ordered by the Court.  Pursuant to Local

26  Bankruptcy Rule 2014-1(b)(3), any response to the Application and request for hearing must be in

27  the form prescribed by Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

served upon the Committee, its proposed counsel, and the United States Trustee no later than fourteen days from the date of service of this notice.

Dated:   May 27, 2016

PACHULSKI STANG ZIEHL & JONES LLP

By: ___/s/ Jeremy V. Richards_____
[Proposed] Attorneys for the Official
Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF FILING APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF MAY 4, 2016; DECLARATION OF JEREMY V. RICHARDS IN SUPPORT THEREOF; AND SUPPLEMENTAL STATEMENT THERETO**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 27, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **May 27, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 27, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FEDERAL EXPRESS**
Honorable Thomas B. Donovan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 27, 2016 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Kyra E Andrassy kandrassy@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Lei Lei Wang Ekvall lekvall@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- John D Fiero jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- John-Patrick M Fritz jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Barry S Glaser bglaser@swesq.com, erhee@swesq.com
- David B Golubchik dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Gail S Greenwood ggreenwood@pszjlaw.com, efitzgerald@pszjlaw.com
- David S Henshaw david@henshawlaw.com, info@henshawlaw.com
- Jeffrey S Kwong jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Ian Landsberg ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberglaw.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Charles Alex Naegele alex@canlawcorp.com, alexnaegelelaw@gmail.com
- Victoria Newmark vnewmark@pszjlaw.com
- Queenie K Ng queenie.k.ng@usdoj.gov
- Jeremy V Richards jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Mark Romeo romeolaw@msn.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- James S Yan jsyan@msn.com

2. **SERVED BY UNITED STATES MAIL**:

David Trinh
Trinh Law
99 N 1st St, Ste 200
San Jose, CA 95113

Scott Whitman
Scott L. Whitman, Inc.
5670 Wilshire Blvd., Ste. 2170
Los Angeles, CA 90036

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           F 9013-3.1.PROOF.SERVICE
DOCS_SF:90995.1 52593/002

1  Jeremy V. Richards (CA SBN 102300)
   John D. Fiero (CA SBN 136557)
2  Gail S. Greenwood (CA SBN 169939)
   Victoria A. Newmark (CA SBN 183581)
3  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
4  Los Angeles, CA  90067
   Telephone: 310/277-6910
5  Facsimile: 310/201-0760
   E-mail:  jrichards@pszjlaw.com
6            jfiero@pszjlaw.com
             vnewmark@pszjlaw.com
7            ggreenwood@pszjlaw.com

8  Attorneys for Official Committee of Creditors
   Holding Unsecured Creditors

9

10                    UNITED STATES BANKRUPTCY COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

                         LOS ANGELES DIVISION

12  In re:                                    Case No.: 2:16-bk-13575-TD

13  LIBERTY ASSET MANAGEMENT                  Chapter 11
    CORPORATION,
14                                            **APPLICATION OF THE OFFICIAL**
                        Debtor and            **COMMITTEE OF CREDITORS**
15                      Debtor in Possession. **HOLDING UNSECURED CLAIMS FOR**
                                              **ORDER APPROVING EMPLOYMENT**
16                                            **OF DEVELOPMENT SPECIALISTS, INC.**
                                              **AS ITS FINANCIAL ADVISOR**
17
                                              [No hearing required pursuant to Local
18                                            Bankruptcy Rule 2014-1(b)(1)]

19  **TO THE HONORABLE THOMAS B. DONOVAN, UNITED STATES BANKRUPTCY**
    **JUDGE, THE DEBTOR AND DEBTOR IN POSSESSION, THE OFFICE OF THE UNITED**
20  **STATES TRUSTEE, AND ALL PARTIES REQUESTING SPECIAL NOTICE:**

21
         The Official Committee of Creditors Holding Unsecured Claims (the "Committee")
22
    appointed in the bankruptcy case of Liberty Asset Management Corporation (the "Debtor") submits
23
    this application (the "Application") for the entry of an order, pursuant to sections 328(a) and 1103(a)
24
    of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules
25
    of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the employment of
26
    Development Specialists, Inc. ("DSI" or the "Firm"), as financial advisor to the Committee in
27
    connection with the Debtor's chapter 11 case, effective as of May 25, 2016.  In support of the
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_SF:90939.2 52593/002

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Application, the Committee submits the declaration of Bradley D. Sharp (the "Sharp Declaration"), filed concurrently herewith and incorporated herein by reference. In further support of the Application, the Committee respectfully represents as follows:

### Jurisdiction & Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought with this Application is based upon sections 328, 330, and 1103 of Title 11 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

### Background

3. On March 21, 2016 (the "Petition Date"), the Debtor commenced its case under chapter 11 of the Bankruptcy Code, which is Case No. 2:16-bk-13575-TD (the "Case") before this Court.

4. On April 27, 2016, the United States Trustee appointed the Committee to represent the interests of all unsecured creditors for the Debtor pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) JD Brothers LLC; (ii) Faith Hope International Ltd.; and (iii) Richbest Holding LLC.

### Relief Requested

5. On May 25, 2016, the Committee elected to retain DSI to serve as its financial advisor. The Committee submits that the retention of DSI is appropriate under sections 328(a) and 1103 of the Bankruptcy Code. Section 1103 of the Bankruptcy Code empowers the Committee, with the Court's approval, to employ attorneys, accountants, or other professional persons so long as such professionals do not represent any other entity having an adverse interest in connection with the Case. 11 U.S.C. § 1103(a)-(b).

6. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment." 11 U.S.C. § 328(a). Section 328(a) of the Bankruptcy Code makes clear that committees may retain, subject to bankruptcy court approval, a professional on an hourly fee basis, such as the fee structure proposed by the Committee

2

1   regarding the compensation of DSI, subject to the Court's review and approval of such

2   compensation under section 330 of the Bankruptcy Code.

3       7.      The Committee believes that under the facts and circumstances of this Case, the

4   retention of DSI as financial advisor is reasonable, appropriate, and in the best interests of the

5   Committee and the Debtor's estate.

6                   **Qualifications of DSI and Scope of Services**

7       The Committee seeks to retain DSI as its financial advisor because DSI is a leading provider

8   of financial advisory services to creditors' committees.   DSI has substantial experience with

9   turnaround consulting, forensic accounting, and corporate finance.   In addition, DSI has experience

10  representing creditors' committees and acting as trustee and chief restructuring officer in the real

11  estate management industry.

12      At this time, the Committee seeks authorization to employ DSI as its financial advisor to

13  assist the Committee in, among other things, its investigation into the Debtor's financial affairs,

14  forensic accounting matters, and possibly, expert testimony.   The Committee requires the services of

15  a financial advisor to (i) investigate and trace cash receipts and disbursements to the ultimate source

16  or asset, (ii) develop strategies to maximize recoveries from the Debtor's assets and advise and assist

17  the Committee with respect to such strategies, and (iii) provide forensic accounting services

18  regarding insider transactions, including, any asset sales or other pre-petition transactions, preference

19  payments, fraudulent conveyances, and other potential causes of action that the Debtor's estate may

20  hold against insiders and/or third parties.

21      With its experience as a financial advisor, DSI fulfills a critical role that complements the

22  services offered by the Committee's counsel.   The Committee further believes that the value to the

23  Committee of such services and the amount of compensation is reasonable given the services to be

24  provided by DSI to the Committee.

25      As such, the Committee believes that DSI is well-qualified and able to advise it in a cost-

26  effective, efficient, and timely manner.   The Committee has been advised by DSI that it will

27  endeavor to coordinate with the other professionals retained in this Case to eliminate unnecessary

28  duplication or overlap of work.   In addition, the Committee understands that the Debtor has not

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

engaged a financial advisor or accountant, and therefore, the Committee submits that the retention and employment of DSI is in the best interests of the Debtor's estate, creditors, and other stakeholders in this Case.

**Services to be Rendered**

8. Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

a. trace cash receipts and disbursements to the ultimate source or asset and advise the Committee on issues related to the tracing of cash as necessary;

b. analyze intercompany and/or related party transactions of the Debtor and non-Debtor affiliates;

c. advise and assist the Committee in identifying and/or reviewing any asset sales or other pre-petition transactions, preference payments, fraudulent conveyances, and other potential causes of action that the Debtor's estate may hold against insiders and/or third parties;

d. advise and assist the Committee in its analysis and monitoring of the Debtor's and non-Debtor affiliates' historical, current and projected financial affairs;

e. develop strategies to maximize recoveries from the Debtor's assets and advise and assist the Committee with respect to such strategies;

f. evaluate any asset sales proposed by the Debtor;

g. monitor the Debtor's claims management process, analyze claims including guarantee claims, priority claims and potential deficiency claims and summarize claims by entity;

h. analyze the Debtor's and non-Debtor affiliates' assets and analyze potential recoveries to creditor constituencies under various scenarios and prepare the associated recovery waterfall;

i. review and provide analysis of any plan of reorganization and disclosure statement relating to the Debtor including, if applicable, the development and analysis of any plan of reorganization proposed by the Committee;

j. advise and assist the Committee and its legal advisor in reviewing and evaluating any court motions, applications, or other pleadings filed or to be filed by the Debtor, or any other parties-in-interest;

k. attend Committee meetings and court hearings as may be required;

l. render such other general business consulting or assistance as the Committee or its legal advisor may deem necessary, consistent with the role of a financial advisor; and

m. perform other potential services, including: rendering expert testimony, issuing expert reports and or preparing litigation, valuation and forensic

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

analyses that have not yet been identified but as may be requested from time
to time by the Committee and its legal advisor.

### Professional Compensation

9.      DSI will apply for compensation for professional services rendered in connection
with the Case, subject to the Court's approval and in compliance with applicable provisions of the
Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules for the United States
Bankruptcy Court for the Central District of California ("Local Rules"), and orders of this Court, on
an hourly basis, plus reimbursement of actual, necessary expenses and other charges that DSI incurs.

10.     The hourly rates and corresponding rate structure utilized by DSI in the Case is
equivalent to the hourly rates and corresponding rate structure predominantly used by DSI in all
other matters.  The hourly rates for the professionals expected to have primary responsibility for
providing services to the Committee are:

| Position | Hourly Rate |
|---|---|
| Senior Managing Directors | $575 - $695 per hour |
| Managing Directors / Directors | $320 - $460 per hour |
| Senior Associates / Associates | $170 - $290 per hour |

11.     No promises have been received by DSI as to compensation in connection with this
chapter 11 case other than in accordance with the provisions of the Bankruptcy Code.  DSI has no
agreement with any other entity to share with such entity any compensation received by DSI in
connection with this chapter 11 case.

### No Adverse Interest of Professionals

12.     To the best of the Committee's knowledge, and based upon the Sharp Declaration,
neither the Firm nor any of its employees have any connection with any party in interest, their
attorneys or accountants, other than as set forth in the  Sharp Declaration.

13.     To the best of the Committee's knowledge, except as provided in the Sharp
Declaration, neither the Firm, nor any of its employees represent any interest adverse to that of the
Committee in the matters on which they are to be retained.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5

14. While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtor and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified. Should the Firm, through its continuing efforts or as this Case progresses, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

15. To the best of the Committee's knowledge and based upon the Sharp Declaration, neither DSI nor any of its partners, managers, directors or staff has any connection with the Debtor, the Committee, any creditors of the estate, any party in interest, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth in the Sharp Declaration. In addition, to the best of the Committee's knowledge, none of DSI's employees has any known connection with the Judge presiding over the Case.

16. To the best of the Committee's knowledge and based upon the attached Sharp Declaration neither DSI nor any of its partners, managers, directors or staff is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

17. To the best of the Committee's knowledge and based upon the attached Sharp Declaration, neither DSI nor any of its partners, managers, directors or staff is or was, within two years before the date of the filing of the petition, a director, officer or employee of the Debtor.

18. DSI has not provided and will not provide any professional services to the Debtor, any of the creditors, other parties-in-interest or their respective attorneys and accountants with regard to any matter related to this Case.

19. DSI acts as financial advisor to other committees in other bankruptcy cases, the members of which may be creditors of the Debtor. However, DSI will not provide services to any members of those committees with respect to any claims that they may have collectively or individually against the Debtor.

20. Similarly, DSI may provide, or may have provided, services to creditors, committees, or trustees in cases or proceedings against creditors of the Debtor that are unrelated to the Case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

21. To the best of the Committee's and DSI's knowledge, DSI has no interest adverse to the estate.

22. The Committee is informed and believes that DSI has conducted a conflict check and thus far has not encountered any creditors of the Debtor with which an actual conflict exists between DSI and such creditors. If, at any subsequent time during the course of these proceedings, DSI learns of any other representation which may give rise to a conflict, DSI will promptly file with the Court and the Office of the United States Trustee an amended declaration identifying and specifying such involvement.

**WHEREFORE**, the Committee requests that this Court approve the employment of DSI Consulting, Inc. as financial advisor to the Committee, effective as of May 25, 2016, to render services as described above with compensation to be paid as an administrative expense at such times and in such amounts as the Court may hereafter determine and allow under sections 507(a) and 503(b) of the Bankruptcy Code.

*[Remainder of page intentionally left blank]*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

3

4

5

6

OFFICIAL COMMITTEE OF CREDITORS
HOLDING UNSECURED CLAIMS

By: C. Alex Naegele, its authorized representative
Solely in its capacity as Chair of the
Committee and not in any other capacity

7   Submitted by:

8   PACHULSKI STANG ZIEHL & JONES LLP

9

10  By: ___/s/ Jeremy V. Richards_____
    Attorneys for the Official
11  Committee of Creditors Holding Unsecured Claims

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# DECLARATION OF BRADLEY D. SHARP

I, Bradley D. Sharp, being duly sworn, says:

1.       I am a Senior Managing Director of the firm of Development Specialists, Inc. ("DSI"), which is a national financial consulting firm that maintains offices in San Francisco, CA; Los Angeles, CA; New York, NY; Miami, FL; Columbus, OH and its headquarters at 70 West Madison, Suite 2300, Chicago, IL 60602.  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2.       I submit this Declaration (a) in connection with the application (the "Application") of the Official Committee of Creditors Holding Unsecured Claims of Liberty Asset Management Corporation, (the "Committee"), appointed in the chapter 11 case (the "Chapter 11 Case") of the above-captioned debtor and debtor in possession (the "Debtor"), to retain and employ DSI as its financial advisor effective as of May 25 , 2016, and (b) to provide certain disclosures required under section 1103(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.       On May 25, 2016, the Committee selected DSI to serve as its financial advisor.

4.       DSI is neither a creditor of the Debtor, an equity holder of the Debtor, nor an insider of the Debtor.

5.       Neither I, DSI, nor any employee thereof, represents any interest adverse to the Committee, the Debtor, or its estate in the matters upon which we are proposed to be engaged.

6.       To the best of my knowledge and information, no employee of DSI has been, within two years from the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor as specified in section 101(14)(B) of the Bankruptcy Code.

7.       DSI does not have an interest materially adverse to the interests of the Debtor's estate or any class of creditors or equity security holders of the Debtor, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, as specified by section 101(14)(C) of the Bankruptcy Code, or for any other reason.

8.       To the best of my information and belief, DSI neither holds nor represents any interest adverse to the Committee, the Debtor, its creditors, or other parties in interest or their

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

respective attorneys in this Chapter 11 Case.  Based upon information available to me, I believe DSI is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

9.      Due to the size and nature of DSI's business, DSI may have provided financial consulting services to or otherwise dealt with, or may now be providing financial consulting services or otherwise dealing with, certain entities or persons (and their attorneys or accountants or both) who are or may consider themselves to be creditors, equity security holders, or parties interested in this Chapter 11 Case in matters unrelated to the Debtor.  However, DSI is not and will not represent any entity other than the Committee in connection with the Debtor's Chapter 11 Case.  In addition, DSI may have been involved in matters unrelated to this Chapter 11 Case in which attorneys and other professionals representing various parties-in-interest in this Chapter 11 Case may also be involved; in a number of cases DSI and those professionals may have been retained by the same clients or DSI, acting in a fiduciary capacity, may have retained the professional.  However, any such relationships are on matters unrelated to the Chapter 11 Case.

10.     Insofar as I have been able to ascertain, neither I, DSI, nor any employee thereof, has any connection with the Debtor, its significant unsecured creditors, or any other parties-in-interest herein or such parties' respective attorneys, or accountants, other than as described in this Declaration.

11.     DSI has conducted, and continues to conduct, research into its relationship with the Debtor, its affiliates, its creditors and other parties-in-interest in the Chapter 11 Case (the "Potential Parties-in-Interest") annexed hereto as Schedule 1.  DSI entered the names of Potential Parties-in-Interest into a computer database containing the names of all clients and conflict information concerning the clients of DSI.  In addition, to the best of the Committee's knowledge, none of DSI's employees has any known connection with the Judge presiding over the Case.

12.     To the best of my knowledge after my review of the firm's records, DSI has no connections with the Potential Parties-in-Interest with respect to this Chapter 11 Case.

13.     Subject to Court approval and in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rules, local rules of this jurisdiction and Court orders, the Committee proposes that DSI be paid its customary hourly rates in effect from time to time as set forth herein,

10

plus reimbursement of actual, necessary expenses incurred by DSI on the Committee's behalf. DSI's current hourly rates for its consultants are as follows:

| Position | Hourly Rate |
|----------|-------------|
| Senior Managing Directors | $575 - $695 per hour |
| Managing Directors / Directors | $320 - $460 per hour |
| Senior Associates / Associates | $170 - $290 per hour |

14.    These rates are adjusted as of January 1st of each year to reflect advancing experience, capabilities, and seniority as well as general economic factors.

15.    The names, positions, and current hourly rates of the DSI consultants currently expected to have primary responsibility for providing services to the Committee are as follows:

| Name of Individual | Hourly Rate |
|--------------------|-------------|
| Bradley D. Sharp | $595.00 |
| R. Brian Calvert | $590.00 |
| Eric J. Held | $450.00 |
| Joseph Zagajeski | $270.00 |
| Andrew C. park | $235.00 |

16.    In addition to the consultants named above, it may be necessary, during the course of this Chapter 11 Case, for other DSI professionals to provide services to the Committee.

17.    It is DSI's policy to charge its clients for all expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile toll charges, photocopying charges, travel expenses, expenses for "working meals" and computerized research. DSI will seek reimbursement for such expenses pursuant to, among other things, any applicable guidelines established by the Court.

18.    DSI will comply with all of the requirements of this Court and of the Bankruptcy Code, Bankruptcy Rules, local rules of this jurisdiction, and Court orders with respect to fee and expense applications of professionals employed in a chapter 11 bankruptcy case.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

19.     No promises have been received by DSI or by any member, counsel, or associate thereof as to compensation in connection with its representation of the Committee in this Chapter 11 Case other than as set forth in the Application.

20.     DSI has no agreement with any entity to share any compensation received by DSI, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

21.     The proposed employment of DSI is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules.  I am not related to, and to the best of my knowledge, no consultant at DSI is related to, any United States Bankruptcy Judge or District Court Judge for the Northern District of California, San Francisco Division, or to the United States Trustee for such district or any employee in the office thereof.

22.     By reason of the foregoing, I believe that DSI is eligible for employment and retention by the Committee pursuant to section 1103 of the Bankruptcy Code and the applicable Bankruptcy Rules.  Should any additional relevant information come to DSI's attention, DSI will file supplemental declarations regarding this retention.

*[Remainder of page intentionally left blank]*

DOCS_SF:90939.2 52593/002

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26 day of May, 2016 at Los Angeles, California.

_____
Bradley D. Sharp

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCS_SF:90939.2 52593/002

Schedule 1

Parties in Interest

<u>Debtor and Non-Debtor Affiliates</u>
Liberty Asset Management Corporation
10th Street Santa Monica Project LLC
1595 17th Street LLC
American Development and Investment
   Regional Center LLC
Atherton Financial Building LLC
Bridgestream Management LLC
Crystal Waterfalls LLC
Diamond Bar Inn & Suites & Hilltop Hotel
East Heights, LLC
FACDC Azusa LLC
FACDC Foothill LLC
Gold River Valley LLC
Golden Field Investment LLC
Green Oak Asset Management LLC
HK Grace Building LLC
Hunting Giant Capital Corp.
JSK 23 LLC
Lowridge Place LLC
Mel Canyon LLC
Oak River Asset Management LLC
RH Investment LLC
Saigon National Bank
San Antonio Road LLC
San Francisco Ofarrel Project LLC
Sequoia Hospitality F&B (Covina), Inc.
Strongwater Capital Management LLC
Sunshine Fields LLC
Sunshine Los Altos Hills LLC

<u>Current and Former Officers and Directors</u>
Benjamin Kirk
Lucy Gao

<u>Largest Unsecured Creditors</u>
JD Brothers LLC
Faith Hope International Ltd.
Remy Associates, Inc.
Smart Gear Development Ltd.
Lee Walgreen 2013 LLC
Heusing Holdings, LLC
HCL 2011 LLC
PA One LLC
Good Special International Ltd.
Richbest Holding LLC
Minyu Jessica Chang
Jean Hung
HT 2011 REO Management LLC
Chin-I Tu
Union Square 117 Project LLC
Great Vista Real Estate
Brooker Parker LLC

<u>Secured Parties</u>
Alhambra Park LLC
Blue Sky Communications
Northern CA Mtg Fund VII LLC
Shanghai Commercial Bank Ltd.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Blvd., 13ᵗʰ Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled (*specify*): ***APPLICATION OF THE OFFICIAL COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS for order approving employment of DEVELOPMENT SPECIALISTS, INC. AS ITS FINANCIAL ADVISOR*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 26, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒     Service information cont'd on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) **May 26, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒     Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 26, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Personal Delivery*
Honorable Thomas B. Donovan
United States Bankruptcy Court Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012

☐     Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 26, 2016 | Gini L. Downing | */s/ Gini L. Downing* |
|---|---|---|
| Date | Printed Name | Signature |

1

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Kyra E Andrassy    kandrassy@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
- John D Fiero    jfiero@pszjlaw.com, ocarpio@pszjlaw.com
- John-Patrick M Fritz    jpf@lnbyb.com, JPF.LNBYB@ecf.inforuptcy.com
- Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Gail S Greenwood    ggreenwood@pszjlaw.com, efitzgerald@pszjlaw.com
- David S Henshaw    david@henshawlaw.com, info@henshawlaw.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Ian Landsberg    ian@landsberg-law.com, casey@landsberg-law.com;lisa@landsberg-law.com;diana@landsberg-law.com;yesi@landsberg-law.com;ilandsberg@ecf.inforuptcy.com
- Charles Alex Naegele    alex@canlawcorp.com, alexnaegelelaw@gmail.com
- Victoria Newmark    vnewmark@pszjlaw.com
- Queenie K Ng    queenie.k.ng@usdoj.gov
- Jeremy V Richards    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- Mark Romeo    romeolaw@msn.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- James S Yan    jsyan@msn.com

2. <u>**TO BE SERVED BY U.S. MAIL:**</u>

David Trinh
Trinh Law
99 N 1st St, Ste 200
San Jose, CA 95113

Scott Whitman
Scott L. Whitman, Inc.
5670 Wilshire Blvd., Ste. 2170
Los Angeles, CA 90036

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.