GAIL S. GREENWOOD (CA SBN 169939)
ERIN GRAY (CA SBN 157658)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:  ggreenwood@pszjlaw.com
          egray@pszjlaw.com

Attorneys for Bradley D. Sharp, Plan Administrator under
the Confirmed First Amended Chapter 11 Plan of
Liquidation Dated January 31, 2018 for Liberty Asset
Management Corporation

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LIBERTY ASSET MANAGEMENT CORPORATION, a California corporation,<br><br>Debtor. | Case No.: 2:16-bk-13575-ER<br><br>Chapter 11<br><br>Adv. No.: 2:16-ap-01374-ER |
| BRADLEY D. SHARP, Plan Administrator Under the Confirmed First Amended Chapter 11 Plan of Liquidation Dated January 31, 2018 for Liberty Asset Management Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TSAI LUAN HO, an individual,<br><br>Defendant. | **THE PLAN ADMINISTRATOR'S REPLY TO THE COURT'S ORDER TO SHOW CAUSE**<br><br>Date:  July 6, 2022<br>Time:  10:00 a.m.<br>Place:  Courtroom 1568<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

Bradley Sharp, Plan Administrator Under the Confirmed First Amended Chapter 11 Plan of Liquidation Dated January 31, 2018 (the "Plan Administrator"), hereby replies to the opposition brief filed by Shelby Ho ("Ho") [Docket No. 190] in response to the Court's *Order Requiring Plan Administrator and Oversight Committee to Show Cause Why This Adversary Proceeding Should Not Be Dismissed* ("Order to Show Cause") [Docket No. 179] and the Plan Administrator's initial response [Docket No. 189].

1

DOCS_SF:107566.1 52593/003

Ho opposes a dismissal without prejudice because she intends to "retain her right to seek payment of her attorneys' fees and costs from the Plan Administrator." (Opp. p. 2, lines 6-7). There is absolutely no legal basis for Ho to recover attorneys' fees from the Plan Administrator, particularly in the absence of a judgment on the merits, and Ho fails to cite any authority. *See Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 247 (1975) (discussing and affirming the "American Rule" that each party is responsible for paying its own attorneys' fees). Moreover, there is absolutely no factual basis for Ho to recover attorneys' fees in light of the extensive history of this case supporting, not just colorable claims, but compelling claims by the Plan Administrator against Ho for her receipt of fraudulent transfers from the Debtor in the form of real properties and cash valued at $11,011,304.

The Plan Administrator is prepared to dismiss this adversary proceeding because, as the Court has observed, Ho's known assets have been liquidated such that it is questionable whether the Plan Administrator could collect a judgment against Ho. The Plan Administrator's willingness to dismiss the adversary proceeding is based strictly on the potential costs and benefits of litigation, the ongoing interests of the estate's creditors, and in deference to the Court. A dismissal of the adversary proceeding is unrelated to the merits of the Plan Administrator's claims against Ho, which remain valid, just as they were when the case was scheduled for trial in May 2018.

Ho's arguments seeking to leverage a voluntary dismissal into a purported basis for payment of her attorneys' fees borders on the outrageous. The Plan Administrator will not dismiss the adversary proceeding for lack of collectability so that Ho can cause the estate and herself to incur fees to further litigate disputed facts. The Plan Administrator steadfastly disputes Ho's characterization of the facts, including that the Committee "had no evidence to support the claims asserted in this adversary proceeding since Ho have [sic] tendered reams of evidence and proof to the Committee and its counsel showing that Ho too was a mere victim of the Ponzi scheme…" (Opp. p. 2, lines 9-12). Ho admits to receipt of the transfers at issue and her counsel has consistently acknowledged that the transfers were part of an intentional scheme. *See* Final Joint Pretrial Stipulation [Docket No. 89]. Ho's alleged good faith defense that she was a "mere victim" is belied by her knowledge that investors were not getting paid even as she received additional properties.

DOCS_SF:107566.1 52593/003

Moreover, Ho cannot demonstrate that her services in soliciting investors to the scheme was fair value in exchange for the transfers. *See, e.g., id.* at ¶49 ("Ho does not have documents to show that she earned one of the San Jose Units because her agreements with Liberty were verbal, consistent with Chinese customs."). Finally, the "reams" of documents that Ho offers as a defense are meaningless and ultimately insufficient to demonstrate alleged good faith or equivalent value. Ho's debts were held to be nondischargeable under Bankruptcy Code section 727(a)(3) specifically because her proffered records were not sufficient to assess her financial condition or the financial transactions that she entered prior to filing bankruptcy. *See* Memorandum of Decision and Judgment Denying Discharge (USBC N.D. Cal., case no. 18-03051, docket nos. 21, 25), affirmed on appeal. Ho has successfully delayed a trial of the adversary proceeding, but the merits remain sound. Ho's suggestion that the Plan Administrator has acted in bad faith in light of known facts is both false and offensive.

Ho closes by arguing that she was "forced to spend money that she did not have" after her debts were held nondischargeable when she engaged in a pretrial stipulation process to seek testimony from Kirk and Gao after the completion of their criminal trials. (Opp. p. 2, lines 22-25). The Plan Administrator was not a party to Ho's communications with Kirk/Gao and is not responsible for Ho's pre-trial strategy or expenses while the adversary proceeding was stayed. In sum, the Plan Administrator has duly appeared before this Court pending the stay of litigation and cannot be blamed for Ho's legal problems or the fact that she has incurred attorneys' fees.

The Plan Administrator is prepared to dismiss the adversary proceeding because pursuing the matter to trial is potentially more costly than it is worth. The proposed voluntary dismissal should not be rewritten as an invitation to dispute fees or to find that Ho is inexplicably a "prevailing" party. Accordingly, the Plan Administrator requests entry of an order of dismissal pursuant to Federal Rule of Bankruptcy Procedure 7041 and Federal Rule of Civil Procedure 41(a)(2), as previously submitted, without prejudice and with each party bearing its own fees and costs.

//

//

//

3

DOCS_SF:107566.1 52593/003

1 | Dated:  June 22, 2022

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Gail S. Greenwood*
        Gail S. Greenwood

Attorneys for Plaintiff, Bradley D. Sharp, Plan Administrator under the Confirmed First Amended Chapter 11 Plan of Liquidation Dated January 31, 2018 for Liberty Asset Management Corporation

4

DOCS_SF:107566.1 52593/003

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**One Market Plaza, Spear Tower 40th Floor, Suite 4000 San Francisco, CA 94105-1020.**

A true and correct copy of the foregoing document entitled (*specify*): **THE PLAN ADMINISTRATOR'S REPLY TO THE COURT'S ORDER TO SHOW CAUSE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing documents will be served by the court via NEF and hyperlink to the document. On (*date*) **June 22, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Gail S Greenwood**    ggreenwood@pszjlaw.com, rrosales@pszjlaw.com
- **James Andrew Hinds**    jhinds@hindslawgroup.com, mduran@hindslawgroup.com
- **Jeremy V Richards**    jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Paul R Shankman**    PShankman@fortislaw.com, info@fortislaw.com
- **Rachel M Sposato**    rmsposato@mintz.com, mduran@hindslawgroup.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **James S Yan**    jsyan@msn.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 22, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

James Andrew Hinds, Jr.
The Hinds Law Group, APC
2390 Crenshaw Blvd., Ste. 240
Torrance, CA 90501

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 22, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 22, 2022 | Matt Renck | /s/ Matt Renck |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |